**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Peter MALIVAO, Defendant-Appellant.**

### No. 15-10449

United States Court of Appeals,
Ninth Circuit.

Submitted January 18, 2017 *

Filed January 23, 2017

Tony Ray Roberts, Esquire, Assistant U.S. Attorney, DOJ—Office of the US Attorney, Honolulu, HI, for Plaintiff-Appellee

Cynthia Ann Kagiwada, Kaneohe, HI, for Defendant-Appellant

Before: TROTT, TASHIMA, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Peter Malivao appeals from the district court's judgment and challenges the 156-month sentence imposed following his guilty-plea conviction for conspiracy to distribute and possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846. We have jurisdiction under 28 U.S.C. § 1291. We dismiss.

Malivao contends that the district court failed to resolve his factual objections to the presentence report, in violation of Federal Rule of Criminal Procedure 32, and that he received ineffective assistance of counsel at sentencing. The government argues that the appeal should be dismissed based on the appeal waiver contained in the parties' plea agreement. Reviewing de novo, *see United States v. Watson*, 582 F.3d 974, 981 (9th Cir. 2009), we dismiss. Contrary to Malivao's contention, the appeal waiver is supported by adequate consideration. Further, the record on appeal

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

is not sufficiently developed to evaluate Malivao's claims of ineffective assistance of counsel. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011) (declining to consider a claim of ineffective assistance of counsel on direct appeal raised in response to the government's assertion of an appeal waiver).

**DISMISSED.**